IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:19-CR-080-L-1 |
| | § | |
| RAYMOND PAYTON, JR., | § | |
| #58267-177, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling Reasons and the COVID-19 virus pandemic (Doc. 65), filed June 12, 2020. As detailed here, the motion is **denied**.

**I.**

In 2019, Defendant pled guilty to possessing with intent to distribute a Schedule II controlled substance and was sentenced to 62 months' imprisonment. Crim. Doc. 59. He now seeks release from confinement because he suffers from preexisting, chronic medical conditions—asthma, bronchitis, high blood pressure, and other unspecified serious health conditions—all of which he claims render him more susceptible to the COVID-19 virus. Crim. Doc. 65 at 2, 7. Defendant also states that he "has been exposed to inmates confirmed to have COVID-19, which increases the likelihood affecting him." Crim. Doc. 65 at 2.

According to the BOP's website, Defendant is 31 years old, has a projected release date of June 13, 2023, and is presently confined at the Fort Worth Federal Medical Center (FMC). As of June 19, 2020, the BOP's website reported 29 COVID-19 positive cases among Fort Worth FMC's inmates and five among staff members. The website also noted that 580 inmates and one staff

member had recovered.[1]  Upon review, the court concludes that Defendant is not eligible for a sentence modification.

II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  Under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, however, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.  The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Defendant asserts that the Warden did not respond to his administrative remedy request.  Even assuming he exhausted his administrative, the Court finds that Defendant has not presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy Statement to warrant a reduction of his sentence under Section 3582(c)(1)(A).

> The policy statement sets forth three circumstances that are considered "extraordinary and compelling reasons."  Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

---

[1]  The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last accessed on June 19, 2020).

*Muniz*, 2020 WL 1540325, at *1 (citing and quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).[2]

The court does not downplay Defendant's chronic medical conditions—asthma, bronchitis, and high blood pressure—or discount that being confined in a prison makes it more difficult for him or any prisoner to follow official precautions for social distancing and handwashing while in custody. Defendant has failed, however, to provide sufficient grounds for compassionate release. He fails to establish that his conditions (1) are sufficiently severe, (2) have an end of life trajectory, and (3) diminish his ability to provide self-care. Defendant does not present any evidence and/or medical records documenting his current symptoms and own unique conditions sufficient to establish exceptional and compelling circumstances. At best, he offers only conclusory assertions about his chronic medical conditions. *See Delgado v. United States*, 3:17-CR-242-B, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (denying compassionate release in part due to failure to provide recent medical records "to establish how immunocompromised he may now be, which would have allowed the Court to assess his current ability to provide self-care").

General concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A), especially considering Defendant's young age (31) and that there are only 34 COVID-19 positive case among inmates and staff members at Fort Worth FMC and that 580 inmates have recovered. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)).

---

[2] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district courts have declined to apply this policy statement. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL1672322, at *2 (E.D. La. Apr. 2, 2020).

Moreover, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners–for example, all those who have [chronic medical conditions identified by the CDC]–warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic." *Delgado*, 2020 WL 2542624, at *3.

In addition, even if there are extraordinary and compelling reasons for a sentence reduction, the court is not persuaded that the Section 3553(a) factors would support Defendant's request for compassionate release. *See United States v. Chambliss*, 948 F.3d at, 692-93 ("[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The court weighs those factors as it did at sentencing. Defendant is currently incarcerated for possession with intent to distribute a Schedule II controlled substance. At sentencing, the advisory guidelines range was 57-71 months, which included a two-level increase for maintaining a premises for purpose of manufacturing and distributing a controlled substance. Defendant also qualified for criminal history category III based on his prior criminal activity and the court imposed a sentence in the lower end of the guideline rage at 62 months. Based on the record as a whole, the court cannot now conclude that the Section 3553(a) factors would support the relief Defendant seeks.

III.

For the foregoing reasons, Defendant's Motion for Compassionate Release is **denied**.

**It is so ordered** this 23rd day of June, 2020.

Sam A. Lindsay
United States District Judge